**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **BAKER HUGHES OILFIELD OPERATIONS, INC.** | |
| **Plaintiff,** | **Civil Action No. 4:16-cv-00019** |
| **v.** | **JURY TRIAL** |
| **PACKERS PLUS ENERGY SERVICES INC. AND RETEK ENERGY PRODUCTS LLC,** | |
| **Defendants.** | |

**PLAINTIFF BAKER HUGHES' FIRST AMENDED
COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Baker Hughes Oilfield Operations, Inc., ("Baker Hughes"), files this First Amended Complaint against Defendants Packers Plus Energy Services, Inc. ("Packers Plus") and ReTek Energy Products LLC ("ReTek") for patent infringement and alleges, based on its own personal knowledge with respect to its own actions and based upon information and belief with respect to all others' actions, as follows:

**THE PARTIES**

1.      Plaintiff Baker Hughes Oilfield Operations, Inc. is a California corporation, and maintains its principal place of business at 2929 Allen Parkway, Suite 2100, Houston, Texas 77019.

2.      Defendant Packers Plus Energy Services Inc. is a corporation incorporated under the laws of Canada, with a principal place of business at 205 5th Avenue SW, Suite 2200, Calgary Alberta, T2P 2V7. Packers Plus Energy Services Inc.'s United States Sales and

Operations Headquarters is located at 5825 N. Sam Houston Pkwy W., Suite 150, Houston, Texas, 77086.  Packers Plus Energy Services Inc. has designated Kane, Russell, Coleman & Logan, P.C., 5051 Westheimer Road, 10th Floor, Houston, Texas 77056 as its agent for service of process.  Upon information and belief, Packers Plus Energy Services Inc. maintains a U.S. corporate office, a technology center, and a Rapid Tool Development facility in Houston, Texas. Jim Bentein, *Leading The Way,* CANADIAN OILPATCH TECHNOLOGY GUIDEBOOK, Vol. 4, 2012, at 39.

3.      Defendant ReTek Energy Products LLC is a domestic limited liability company incorporated under the laws of Texas, with a principle place of business at 13932 Old Texaco Rd. Conroe, Texas 77302.  ReTek Energy Products LLC has designated Kane, Russell, Coleman & Logan, P.C., 5051 Westheimer Road, 10th Floor, Houston, Texas 77056 as its agent for service of process.

## JURISDICTION AND VENUE

4.      This action arises under the patent laws of the United States, Title 35, United States Code § 1, et seq. This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5.      Personal jurisdiction exists generally over Packers Plus because it has sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and within the Southern District of Texas. Personal jurisdiction also exists specifically over Packers Plus because it, directly or through subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises, makes available and/or markets products and services within the State of Texas, and more particularly, within the Southern District of Texas, that infringe U.S. Pat.

2

Nos. 6,006,838, 8,261,761, 9,038,656, and 6,848,505 (collectively the "Patents-in-Suit"), as described more particularly below.

6.     Personal jurisdiction exists generally over ReTek because it has sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and within the Southern District of Texas. Personal jurisdiction also exists specifically over ReTek because it, directly or through subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises, makes available and/or markets products and services within the State of Texas, and more particularly, within the Southern District of Texas, that infringe U.S. Pat. No. 6,848,505, as described more particularly below.

7.     Venue is proper in the Southern District of Texas under 28 U.S.C. §§ 1391(b)–(c) and 1400(b). Upon information and belief, Packers Plus and ReTek have each individually transacted business in this district and/or committed acts of patent infringement in this district.

## PATENTS-IN-SUIT

8.     United States Patent No. 6,006,838 ("the 838 Patent"), entitled "Apparatus and method for stimulating multiple production zones in a wellbore," was duly and legally issued by the United States Patent and Trademark Office on December 28, 1999 after full and fair examination and is owned by Baker Hughes. The named inventors of the 838 Patent are T.G. Whiteley, Douglas J. Lehr, Michael A. Martin, and Dennis Atchley. A true and correct copy of the 838 Patent is attached hereto as Exhibit A.

9.     United States Patent No. 8,261,761 ("the 761 Patent"), entitled "Selectively movable seat arrangement and method," was duly and legally issued by the United States Patent and Trademark Office on September 11, 2012 after full and fair examination and is owned by

Baker Hughes. The named inventors of the 761 Patent are David P. Gerrard and Yang Xu. A true and correct copy of the 761 Patent is attached hereto as Exhibit B.

10.     United States Patent No. 9,038,656 ("the 656 Patent"), entitled "Restriction Engaging System," was duly and legally issued by the United States Patent and Trademark Office on May 26, 2015 after full and fair examination and is owned by Baker Hughes. The named inventors of the 656 Patent are David P. Gerrard and Yang Xu. A true and correct copy of the 656 Patent is attached hereto as Exhibit C.

11.     United States Patent No. 6,848,505 ("the 505 Patent"), entitled "Alternative method to cementing casing and liners" was duly and legally issued by the United States Patent and Trademark Office on February 1, 2005 after full and fair examination and is owned by Baker Hughes. The named inventors of the 505 Patent are Bennett M. Richard, Michael A. Carmody, and Matthew J. Jabs. A true and correct copy of the 505 Patent is attached hereto as Exhibit D.

12.     The four Patents-in-Suit generally cover methods and apparatuses for oil and gas wellbore fluid treatments. They describe, *inter alia*, various sliding or shifting sleeves, including sleeves which can be opened or closed to control fluid movement into and out of a tubing string placed in the wellbore, and various packers for sealing portions of the wellbore.

13.     The Patents-in-Suit also describe various methods for employing these tools, including using them to stimulate and/or fracture formations and increase oil and gas production. The Patents-in-Suit describe, *inter alia*, isolating portions of the wellbore using packers and moving one or more shifting sleeves using a ball or other opening device to selectively fracture a portion of a formation ("Shifting Sleeve Fracturing Methods").

14.     The Patents-in-Suit are owned by Baker Hughes and the technology covered by said patents was developed by Baker Hughes, its predecessors, and/or related companies.  Baker Hughes has complied with 35 U.S.C. § 287 for one or more of the Patents-in-Suit.

## FACTUAL ALLEGATIONS

15.     Packers Plus has in the past and currently makes and sells tools and sells and performs services that infringe one or more claims of the Patents-in-Suit.

16.     ReTek has in the past and currently makes and sells tools and sells and performs services that infringe one or more claims of the 505 Patent.

17.     The Patents-in-Suit are available over the Internet through various online resources such as Google Patents and the U.S. Patent Office website.  One or more of the Patents-in-Suit and/or patents related to the Patents-in-Suit were cited as prior art during the prosecution of at least Packers Plus' U.S. Patent Nos. US7108067, US7431091, US7748460, US8167047, US8657009, US9074451, and US9140097, and Packers Plus' U.S. Patent Application Nos. US2004/0118564, US2007/0007007, US2009/0008083, and US2013/0168090.

18.     On information and belief, Packers Plus directly and/or indirectly infringes one or more claims of the 838 Patent, including but not limited to claims 1, 4-5, 8, 10-11, 13, 15, in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing within or into the United States, without authority its hydraulic fracturing sleeves and systems using jetting passageways, including but not limited to, hydraulic fracturing sleeves and systems marketed under various names such as QuickFrac, QuickPORT, QuickPORT V ("Accused Fracturing Sleeve Products").

19.     On information and belief, Packers Plus directly and/or indirectly infringes one or more claims of the 761 Patent, including but not limited to each of claims 1-20, in this District or

otherwise within the United States by making, using, selling, offering to sell, and/or importing within or into the United States, without authority its hydraulic fracturing sleeves and systems that count a number of same sized balls or plugs that pass through the sleeves before preventing passage of the next same sized ball or plug, including, but not limited to, hydraulic fracturing sleeves and systems marketed under various names such as RepeaterPORT (including any and all product generations) ("Accused Ball Counting Products").

20.     On information and belief, Packers Plus directly infringes one or more claims of the 656 Patent, including but not limited to claims 1-17, in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing within or into the United States, without authority its hydraulic fracturing sleeves and systems that count a number of same sized balls or plugs that pass through the sleeves before preventing passage of the next same sized ball or plug, including, but not limited to, hydraulic fracturing sleeves and systems marketed under various names such as RepeaterPORT (including any and all product generations) ("Accused Ball Counting Products").

21.     On information and belief, Packers Plus and ReTek directly and/or indirectly infringe one or more claims of the 505 Patent, including but not limited to each of claims 1-20, in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing within or into the United States, without authority packers, liner hangers, and/or assemblies that use swellable materials for sealing a tubular string in a wellbore, including, but not limited to, packers, liner hangers, and/or assemblies that use swellable materials marketed under various names such as SwellPLUS and Acid Isolation Sub-Assembly ("Accused Swellable Products").

6

22.     Packers Plus makes, uses, imports, sells, and offers for sale in the United States the Accused Fracturing Sleeve Products, the Accused Ball Counting Products, and the Accused Swellable Products (collectively "Accused Packers Plus Products").

23.     ReTek makes, uses, imports, sells, and offers for sale in the United States the Accused Swellable Products.

24.     Operators and/or well owners use the Accused Packers Plus Products—including the Accused Swellable Products—to perform Shifting Sleeve Fracturing Methods.

25.     Packers Plus has committed, and continues to commit, acts of infringement under 35 U.S.C. § 271 by making, using, importing, offering for sale and/or selling the Accused Packers Plus Products.

26.     ReTek has committed, and continues to commit, acts of infringement under 35 U.S.C. § 271 by making, using, importing, offering for sale and/or selling the Accused Swellable Products.

**COUNT ONE: INFRINGEMENT OF U.S. PATENT NO. 6,006,838**

27.     As described above, Packers Plus has infringed and continues to infringe the 838 Patent.

28.     Packers Plus makes, uses, offers to sell, sells and/or imports the Accused Fracturing Sleeve Products within the United States or into the United States without authority from Plaintiff.

29.     Packers Plus directly infringes the 838 Patent by performing—or by directing and controlling the performance of—Shifting Sleeve Fracturing Methods with the Accused Fracturing Sleeve Products.

7

30.     Packers Plus directly infringes the 838 Patent by installing—or by directing and controlling the installation of—tubing and/or tailpipe strings that include multiple shifting sleeves with jetting passageways.

31.     Packers Plus directly infringes the 838 Patent by dropping—or by directing and controlling the dropping of—a frac ball and/or other similar device into an installed tubing and/or tailpipe string to open one or more shifting sleeves.

32.     Packers Plus directly infringes the 838 Patent by dropping—or by directing and controlling the dropping of—one or more additional frac balls and/or other similar devices into an installed tubing and/or tailpipe string to open one or more additional shifting sleeves.

33.     Packers Plus directly infringes the 838 Patent by fracturing and/or stimulating—or by directing and controlling the fracture and/or stimulation of—stages through the opened sleeves.

34.     Packers Plus directly infringes the 838 Patent by testing—or by directing and controlling the testing of—the Accused Fracturing Sleeve Products.

35.     Packers Plus directly infringes the 838 Patent by making, selling, and/or distributing the Accused Fracturing Sleeve Products from manufacturing and distribution facilities located within the United States, including:

- Packers Plus's Houston Manufacturing Center located at Suite 100, 10811 Vinecrest Dr.; Houston, Texas 77086;

- Packers Plus's Houston Rapid Tool Development (RTD) located at 11221 Cutten Road; Building No. 2; Houston, Texas 77066;

- And any other current or planned manufacturing facilities that manufacture or distribute the Accused Fracturing Sleeve Products from within the United States.

36. Packers Plus directly infringes the 838 Patent by distributing the Accused Fracturing Sleeve Products into the United States from manufacturing and distribution facilities located within Canada, including:

- Packers Plus's Edmonton Manufacturing Center (MX) located at 5707 72A Avenue NW; Edmonton, Alberta T6B2J1; and

- Packers Plus's Edmonton Rapid Tool Development (RTD) located at 5703 72A Avenue Edmonton, Alberta T6B2J1.

37. Packers Plus therefore infringes the 838 Patent under 35 U.S.C. § 271(a).

38. Packers Plus indirectly infringes the 838 Patent by inducing infringement by others, such as its customers and well owners and operators that perform Shifting Sleeve Fracturing Methods with the Accused Fracturing Sleeve Products. For example, Packers Plus indirectly infringes by instructing and encouraging its customers to perform infringing methods using the Accused Fracturing Sleeve Products.

39. Packers Plus further instructs operators and/or well owners how to use such products and services in a manner that infringes the 838 Patent (*e.g.*, through technical documentation, instruction, supervision, videos, and technical support).

40. Packers Plus takes the above actions intending others to infringe.

41. Packers Plus induces operators and/or well owners to install tubing and/or tailpipe strings that include multiple shifting sleeves.

42.     Packers Plus induces operators and/or well owners to install tubing and/or tailpipe strings that include multiple shifting sleeves with jetting passageways.

43.     Packers Plus induces operators and/or well owners to drop a frac ball and/or other similar device into an installed tubing and/or tailpipe string to open one or more shifting sleeves.

44.     Packers Plus induces operators and/or well owners to drop one or more additional frac balls and/or other similar devices into an installed tubing and/or tailpipe string to open one or more additional shifting sleeves.

45.     Packers Plus induces operators and/or well owners to fracture and/or stimulate stages through the opened sleeves.

46.     Packers Plus has actual knowledge of the 838 Patent and knows that others' actions, if taken, would constitute infringement of that patent. Alternatively, Packers Plus knows or should have known that there is a high probability that others would infringe the 838 Patent but has remained willfully blind to the infringing nature of others' actions. Packers Plus therefore infringes the 838 Patent under 35 U.S.C. § 271(b).

47.     Packers Plus indirectly infringes the 838 Patent by contributing to infringement by others, such as its customers and well owners and operators by making, using, importing, offering to sell and/or selling within the United States products that contain components that constitute a material part of the inventions claimed in the 838 Patent, and components of products that are used to practice one or more processes/methods covered by the claims of the 838 Patent and that constitute a material part of the inventions claimed in the 838 Patent. Such components are, for example, the Accused Fracturing Sleeve Products that are capable of being used for Shifting Sleeve Fracturing Methods.

48.     In the above offering to sell and/or selling, Packers Plus knows these components to be especially made or especially adapted for use in an infringement of the 838 Patent and that these components are not a staple article or commodity of commerce suitable for substantial non-infringing use. Alternatively, Packers Plus knows or should have known that there is a high probability that others would infringe the 838 Patent but has remained willfully blind to the infringing nature of others' actions. Packers Plus therefore infringes the 838 Patent under 35 U.S.C. § 271(c).

## COUNT TWO:  INFRINGEMENT OF U.S. PATENT NO. 8,261,761

49.     As described above, Packers Plus has infringed and continues to infringe the 761 Patent.

50.     Packers Plus makes, uses, offers to sell, sells and/or imports the Accused Ball Counting Products within the United States or into the United States without authority from Plaintiff.

51.     Packers Plus directly infringes the 761 Patent by performing—or by directing and controlling the performance of—Shifting Sleeve Fracturing Methods with the Accused Ball Counting Products.

52.     Packers Plus directly infringes the 761 Patent by installing—or by directing and controlling the installation of—tubing strings that include multiple sliding sleeves.

53.     Packers Plus directly infringes the 761 Patent by installing—or by directing and controlling the installation of—tubing strings that include multiple sliding sleeves that are moveable with a same sized ball.

54.     Packers Plus directly infringes the 761 Patent by dropping—or by directing and controlling the dropping of—a ball into an installed tubing string to open a shifting sleeve and/or to activate a shifting sleeve so that the next same sized ball will shift the sleeve.

55.     Packers Plus directly infringes the 761 Patent by dropping—or by directing and controlling the dropping of—a ball into an installed tubing string to open a shifting sleeve previously activated by a same sized ball.

56.     Packers Plus directly infringes by dropping—or by directing and controlling the dropping of—a ball into an installed tubing string causing a counter in a sleeve to index.

57.     Packers Plus directly infringes by dropping—or by directing and controlling the dropping of—a ball into an installed tubing string to open a shifting sleeve previously activated by a same sized ball.

58.     Packers Plus directly infringes the 761 Patent by testing—or by directing and controlling the testing of—the Accused Ball Counting Products.

59.     Packers Plus directly infringes the 761 Patent by making, selling, and/or distributing the Accused Ball Counting Products from manufacturing and distribution facilities located within the United States, including:

- Packers Plus's Houston Manufacturing Center located at Suite 100, 10811 Vinecrest Dr.; Houston, Texas 77086;

- Packers Plus's Houston Rapid Tool Development (RTD) located at 11221 Cutten Road; Building No. 2; Houston, Texas 77066;

- And any other current or planned manufacturing facilities that manufacture or distribute the Accused Ball Counting Products from within the United States.

12

60.     Packers Plus directly infringes the 761 Patent by distributing the Accused Ball Counting Products into the United States from manufacturing and distribution facilities located within Canada, including:

- Packers Plus's Edmonton Manufacturing Center (MX) located at 5707 72A Avenue NW; Edmonton, Alberta T6B2J1; and

- Packers Plus's Edmonton Rapid Tool Development (RTD) located at 5703 72A Avenue Edmonton, Alberta T6B2J1.

61.     Packers Plus therefore infringes the 761 Patent under 35 U.S.C. § 271(a).

62.     Packers Plus indirectly infringes the 761 Patent by inducing infringement by others, such as its customers and well owners and operators that perform Shifting Sleeve Fracturing Methods with the Accused Ball Counting Products. For example, Packers Plus indirectly infringes by instructing and encouraging its customers to perform infringing methods using Accused Ball Counting Products.

63.     Packers Plus further instructs operators and/or well owners how to use such products and services in a manner that infringes the 761 Patent (*e.g.*, through technical documentation, instruction, supervision, videos, and technical support).

64.     Packers Plus takes the above actions intending others to infringe.

65.     Packers Plus induces operators and/or well owners to install tubing strings that include multiple sliding sleeves.

66.     Packers Plus induces operators and/or well owners to install tubing strings that include multiple sliding sleeves that are moveable with a same sized ball.

13

67.     Packers Plus induces operators and/or well owners to drop a ball into an installed tubing string to open a shifting sleeve and/or to activate a shifting sleeve so that the next same sized ball will shift the sleeve.

68.     Packers Plus induces operators and/or well owners to drop a ball into an installed tubing string to open a shifting sleeve previously activated by a same sized ball.

69.     Packers Plus has actual knowledge of the 761 Patent and knows that others' actions, if taken, would constitute infringement of that patent. Alternatively, Packers Plus knows or should have known that there is a high probability that others would infringe the 761 Patent but has remained willfully blind to the infringing nature of others' actions. Packers Plus therefore infringes the 761 Patent under 35 U.S.C. § 271(b).

70.     Packers Plus indirectly infringes the 761 Patent by contributing to infringement by others, such as its customers and well owners and operators by making, using, importing, offering to sell and/or selling within the United States products that contain components that constitute a material part of the inventions claimed in the 761 Patent, and components of products that are used to practice one or more processes/methods covered by the claims of the 761 Patent and that constitute a material part of the inventions claimed in the 761 Patent. Such components are, for example, the Accused Ball Counting Products that are capable of being used for Shifting Sleeve Fracturing Methods.

71.     In the above offering to sell and/or selling, Packers Plus knows these components to be especially made or especially adapted for use in an infringement of the 761 Patent and that these components are not a staple article or commodity of commerce suitable for substantial non-infringing use. Alternatively, Packers Plus knows or should have known that there is a high probability that others would infringe the 761 Patent but has remained willfully blind to the

14

infringing nature of others' actions. Packers Plus therefore infringes the 761 Patent under 35 U.S.C. § 271(c).

## COUNT THREE:  INFRINGEMENT OF U.S. PATENT NO. 9,038,656

72.     As described above, Packers Plus has infringed and continues to infringe the 656 Patent.

73.     Packers Plus makes, uses, offers to sell, sells and/or imports the Accused Ball Counting Products within the United States or into the United States without authority from Plaintiff.

74.     Packers Plus directly infringes the 656 Patent by performing—or by directing and controlling the performance of—Shifting Sleeve Fracturing Methods with the Accused Ball Counting Products.

75.     Packers Plus directly infringes by installing—or by directing and controlling the installation of—tubing strings that include multiple sliding sleeves.

76.     Packers Plus directly infringes by installing—or by directing and controlling the installation of—tubing strings that include multiple sliding sleeves that are moveable with a same sized ball.

77.     Packers Plus directly infringes by dropping—or by directing and controlling the dropping of—a ball into an installed tubing string to open a shifting sleeve and/or to activate a shifting sleeve so that the next same sized ball will shift the sleeve.

78.     Packers Plus directly infringes by dropping—or by directing and controlling the dropping of—a ball into an installed tubing string causing a counter in a sleeve to index.

15

79.     Packers Plus directly infringes by dropping—or by directing and controlling the dropping of—a ball into an installed tubing string to open a shifting sleeve previously activated by a same sized ball.

80.     Packers Plus directly infringes the 656 Patent by testing—or by directing and controlling the testing of—the Accused Ball Counting Products.

81.     Packers Plus directly infringes the 656 Patent by making, selling, and/or distributing the Accused Ball Counting Products from manufacturing and distribution facilities located within the United States, including:

- Packers Plus's Houston Manufacturing Center located at Suite 100, 10811 Vinecrest Dr.; Houston, Texas 77086;

- Packers Plus's Houston Rapid Tool Development (RTD) located at 11221 Cutten Road; Building No. 2; Houston, Texas 77066;

- And any other current or planned manufacturing facilities that manufacture or distribute the Accused Ball Counting Products from within the United States.

82.     Packers Plus directly infringes the 656 Patent by distributing the Accused Ball Counting Products into the United States from manufacturing and distribution facilities located within Canada, including:

- Packers Plus's Edmonton Manufacturing Center (MX) located at 5707 72A Avenue NW; Edmonton, Alberta T6B2J1; and

- Packers Plus's Edmonton Rapid Tool Development (RTD) located at 5703 72A Avenue Edmonton, Alberta T6B2J1.

83.     Packers Plus therefore infringes the 656 Patent under 35 U.S.C. § 271(a).

84.     Packers Plus indirectly infringes the 656 Patent by inducing infringement by others, such as its customers and well owners and operators that perform Shifting Sleeve Fracturing Methods with the Accused Ball Counting Products. For example, Packers Plus indirectly infringes by instructing and encouraging its customers to perform infringing methods using Accused Ball Counting Products.

85.     Packers Plus further instructs operators and/or well owners how to use such products and services in a manner that infringes the 656 Patent (*e.g.*, through technical documentation, instruction, supervision, videos, and technical support).

86.     Packers Plus takes the above actions intending others to infringe.

87.     Packers Plus induces operators and/or well owners to install tubing strings that include multiple sliding sleeves.

88.     Packers Plus induces operators and/or well owners to install tubing strings that include multiple sliding sleeves that are moveable with a same sized ball.

89.     Packers Plus induces operators and/or well owners to drop a ball into an installed tubing string to open a shifting sleeve and/or to activate a shifting sleeve so that the next same sized ball will shift the sleeve.

90.     Packers Plus induces operators and/or well owners to drop a ball into an installed tubing string causing a counter in a sleeve to index.

91.     Packers Plus induces operators and/or well owners to drop a ball into an installed tubing string to open a shifting sleeve previously activated by a same sized ball.

92.     Packers Plus has actual knowledge of the 656 Patent and knows that others' actions, if taken, would constitute infringement of that patent. Alternatively, Packers Plus knows or should have known that there is a high probability that others would infringe the 656 Patent

but has remained willfully blind to the infringing nature of others' actions. Packers Plus therefore infringes the 656 Patent under 35 U.S.C. § 271(b).

93.     Packers Plus indirectly infringes the 656 Patent by contributing to infringement by others, such as its customers and well owners and operators by making, using, importing, offering to sell and/or selling within the United States products that contain components that constitute a material part of the inventions claimed in the 656 Patent, and components of products that are used to practice one or more processes/methods covered by the claims of the 656 Patent and that constitute a material part of the inventions claimed in the 656 Patent. Such components are, for example, the Accused Ball Counting Products that are capable of being used for Shifting Sleeve Fracturing Methods.

94.     In the above offering to sell and/or selling, Packers Plus knows these components to be especially made or especially adapted for use in an infringement of the 656 Patent and that these components are not a staple article or commodity of commerce suitable for substantial non-infringing use. Alternatively, Packers Plus knows or should have known that there is a high probability that others would infringe the 656 Patent but has remained willfully blind to the infringing nature of others' actions. Packers Plus therefore infringes the 656 Patent under 35 U.S.C. § 271(c).

## COUNT FOUR:  INFRINGEMENT OF U.S. PATENT  NO. 6,848,505

95.     As described above, Packers Plus and ReTek have infringed and continue to infringe U.S. Pat. No. 6,848,505.

96.     Packers Plus and ReTek make, use, offer to sell, sell and/or import the Packers Plus Accused Products within the United States or into the United States without authority from Plaintiff.

97.     Packers Plus and ReTek directly infringe the 505 Patent by performing—or by directing and controlling the performance of—the Shifting Sleeve Fracturing Methods with the Accused Swellable Products.

98.     Packers Plus and ReTek directly infringe the 505 Patent by installing—or by directing and controlling the installation of—tubing strings that include a plurality of swellable packers.

99.     Packers Plus and ReTek directly infringe the 505 Patent by using—or by directing and controlling the use of—well fluids to cause the swellable packers to swell.

100.     Packers Plus and ReTek directly infringe the 505 Patent by using—or by directing and controlling the use of—well fluids to cause the swellable packers to swell at a rate slow enough to allow placement of tubing strings at a desired depth.

101.     Packers Plus and ReTek directly infringe the 505 Patent by using—or by directing and controlling the use of—well fluids to cause the swellable packers to seal the wellbore.

102.     Packers Plus and ReTek directly infringe the 505 Patent by testing—or by directing and controlling the testing of—the Accused Swellable Products.

103.     Packers Plus and ReTek directly infringe the 505 Patent by making, selling, and/or distributing the Accused Swellable Products from manufacturing and distribution facilities located within the United States, including:

- Packers Plus's Houston Manufacturing Center located at Suite 100, 10811 Vinecrest Dr.; Houston, Texas 77086;

- Packers Plus's Houston Rapid Tool Development (RTD) located at 11221 Cutten Road; Building No. 2; Houston, Texas 77066;

- ReTek's location at 13932 Old Texaco Rd.; Conroe, TX  77302;

19

- And any other current or planned manufacturing facilities that manufacture or distribute the Accused Swellable Products from within the United States.

104.    Packers Plus directly infringes the 505 Patent by distributing the Accused Swellable Products into the United States from manufacturing and distribution facilities located within Canada, including:

- Packers Plus's Edmonton Manufacturing Center (MX) located at 5707 72A Avenue NW; Edmonton, Alberta T6B2J1; and

- Packers Plus's Edmonton Rapid Tool Development (RTD) located at 5703 72A Avenue Edmonton, Alberta T6B2J1.

105.    Packers Plus and ReTek therefore infringe the 505 Patent under 35 U.S.C. § 271(a).

106.    Packers Plus and ReTek indirectly infringe the 505 Patent by inducing infringement by others, such as their customers and well owners and operators that perform Shifting Sleeve Fracturing Methods with the Accused Swellable Products. For example, Packers Plus and ReTek indirectly infringe by instructing and encouraging their customers to perform infringing methods using Accused Swellable Products.

107.    Packers Plus and ReTek further instruct operators and/or well owners how to use such products and services in a manner that infringes the 505 Patent (e.g., through technical documentation, instruction, supervision, videos, and technical support).

108.    Packers Plus and ReTek take the above actions intending others to infringe.

109.    Packers Plus and ReTek induce operators and/or well owners to install tubing strings that include a plurality of swellable packers.

20

110.    Packers Plus and ReTek induce operators and/or well owners to use well fluids to cause the swellable packers to swell.

111.    Packers Plus and ReTek induce operators and/or well owners to use well fluids to cause the swellable packers to swell at a rate slow enough to allow placement of tubing strings at a desired depth.

112.    Packers Plus and ReTek induce operators and/or well owners to use well fluids to cause the swellable packers to seal the wellbore.

113.    Packers Plus and ReTek have actual knowledge of the 505 Patent and know that others' actions, if taken, would constitute infringement of that patent. Alternatively, Packers Plus and ReTek know or should have known that there is a high probability that others would infringe the 505 Patent but has remained willfully blind to the infringing nature of others' actions. Packers Plus and ReTek therefore infringe the 505 Patent under 35 U.S.C. § 271(b).

114.    Packers Plus and ReTek indirectly infringe the 505 Patent by contributing to infringement by others, such as their customers and well owners and operators by making, using, importing, offering to sell and/or selling within the United States products that contain components that constitute a material part of the inventions claimed in the 505 Patent, and components of products that are used to practice one or more processes/methods covered by the claims of the 505 Patent and that constitute a material part of the inventions claimed in the 505 Patent. Such components are, for example, the Accused Swellable Products that are capable of being used for Shifting Sleeve Fracturing Methods.

115.    In the above offering to sell and/or selling, Packers Plus and ReTek know these components to be especially made or especially adapted for use in an infringement of the 505 Patent and that these components are not a staple article or commodity of commerce suitable for

substantial non-infringing use. Alternatively, Packers Plus and ReTek know or should have known that there is a high probability that others would infringe the 505 Patent but have remained willfully blind to the infringing nature of others' actions. Packers Plus and ReTek therefore infringe the 505 Patent under 35 U.S.C. § 271(c).

## DEMAND FOR JURY TRIAL

116.    Plaintiff hereby demands that all issues of fact be determined by a jury.

## PRAYER FOR RELIEF

117.    Plaintiff prays for the following relief:

A.    A judgment that Packers Plus has directly infringed one or more claims of the Patents-in-Suit, contributorily infringed one or more claims of the Patents-in-Suit, and induced the infringement of one or more claims of the Patents-in-Suit;

B.    A preliminary and permanent injunction preventing Packers Plus and its officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from directly infringing, contributorily infringing, and inducing the infringement of the Patents-in-Suit;

C.    A judgment that Packers Plus's infringement of the Patents-in-Suit has been willful;

D.    A judgment that ReTek has directly infringed one or more claims of the 505 Patent, contributorily infringed one or more claims of the 505 Patent, and induced the infringement of one or more claims of the 505 Patent;

E.    A preliminary and permanent injunction preventing ReTek and its officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and

those in active concert or participation with any of them, from directly infringing, contributorily infringing, and inducing the infringement of the 505 Patent;

F.      A judgment that ReTek's infringement of the 505 Patent has been willful;

G.      A ruling that this case be found to be exceptional under 35 U.S.C. § 285, and a judgment awarding to Baker Hughes its attorneys' fees incurred in prosecuting this action;

H.      A judgment and order requiring Packers Plus and ReTek to pay Baker Hughes damages under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict infringement up until entry of the final judgment, with an accounting, as needed;

I.      A judgment and order requiring Packers Plus and ReTek to pay Baker Hughes the costs of this action (including all disbursements);

J.      A judgment and order requiring Packers Plus and ReTek to pay Baker Hughes pre-judgment and post-judgment interest on the damages awarded;

K.      A judgment and order requiring that in the event a permanent injunction preventing future acts of infringement is not granted, that Baker Hughes be awarded a compulsory ongoing licensing fee; and

L.      Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: February 11, 2016.                    MCKOOL SMITH, P.C.

                                              s/ *William L. LaFuze*
                                             William L. LaFuze
                                             Attorney-In-Charge
                                             Texas State Bar No. 11792500
                                             Southern District of Texas Bar No. 1242
                                             wlafuze@mckoolsmith.com
                                             MCKOOL SMITH, P.C.
                                             600 Travis Street, Suite 7000
                                             Houston, Texas 77002
                                             Telephone: (713) 485-7300
                                             Telecopier: (713) 485-7344

                                             Steven J. Pollinger
                                             Texas State Bar No. 24011919
                                             Southern District of Texas Bar No. 890672
                                             spollinger@mckoolsmith.com
                                             Eric C. Green
                                             Texas State Bar No. 24069824
                                             Southern District of Texas Bar No. 1662726
                                             egreen@mckoolsmith.com
                                             Todd M. Bellaire
                                             Texas State Bar No. 24069360
                                             Southern District of Texas Bar No. 2783665
                                             tbellaire@mckoolsmith.com
                                             MCKOOL SMITH, P.C.
                                             300 W. 6th Street, Suite 1700
                                             Austin, Texas 78701
                                             Telephone: (512) 692-8700
                                             Telecopier: (512) 692-8744

                                             **ATTORNEYS FOR PLAINTIFF
                                             BAKER HUGHES OILFIELD
                                             OPERATIONS, INC.**

24